FEDERAL BARGE LINES, INC. and United Barge Company, Appellants,

v.

SCNO BARGE LINES, INC., Appellee.

No. 82–2141.

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1983.

Decided July 7, 1983.

Shepherd, Sandberg & Phoenix, P.C., John S. Sandberg, Donovan S. Robertson, St. Louis, Mo., for appellee.

---

Thompson & Mitchell, Michael D. O'Keefe, Dan H. Ball, St. Louis, Mo., for appellants.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and WOODS,* District Judge.

WOODS, District Judge.

In early October, 1980, appellee SCNO Barge Lines, Inc. (SCNO), the owner of the towboat M/V FT. PIERRE, and appellant United Barge Company (United) entered into a written charter agreement whereby United agreed to charter the M/V FT. PIERRE. Under the terms of the charter, SCNO agreed to man and victual the vessel. Barge OT–142, an all steel open hopper river barge owned by the appellant Federal Barge Lines, Inc. (Federal), was tendered for towing to the M/V FT. PIERRE and was accepted into its tow on November 15, 1980. At approximately 4:00 p.m. on November 16, 1980 while traveling downstream on the Ohio River Barge OT–142 sustained damage in the amount of $12,-437.97 when the negligent operation of the M/V FT. PIERRE caused it to collide with a guide wall at Lock and Dam No. 53. Federal and United sought to hold SCNO responsible for the damage to Barge OT–142, along with the United States, the latter on the theory that the Army Corps of Engineers was somehow negligent in the operation of Lock and Dam No. 53. The parties entered into a comprehensive stipulation of facts upon which the district court[1] made findings and conclusions in a memorandum opinion. 547 F.Supp. 457 (D.C.1982). Judge Regan found that the parties (United and SCNO) intended to create a "demise" charter when they executed the written charter agreement. He held that SCNO successfully shifted liability for the negligent operation of the M/V FT. PIERRE to United and further held that the United States was not responsible for the casualty. Judgment was therefore entered in behalf of all defendants and Federal and United appeal only from the judgment in favor of SCNO.

In order for SCNO to successfully shift the liability for the negligence of the M/V FT. PIERRE, SCNO must demonstrate that the charter agreement created a "demise charter." "To create a demise the owner of the vessel must completely and exclusively relinquish 'possession, command, and navigation' thereof to the demisee." *Guzman v. Pichirilo,* 369 U.S. 698, 699, 82 S.Ct. 1095, 1096, 8 L.Ed.2d 205 (1962), citing *United States v. Shea,* 152 U.S. 178, 14 S.Ct. 519, 38 L.Ed. 403 (1894); *Leary v. United States,* 14 Wall. (81 U.S.) 607, 20 L.Ed. 756 (1872); *Reed v. United States,* 11 Wall. (78 U.S.) 591, 20 L.Ed. 220 (1871).

Paragraph one of the "FULLY FOUND DEMISE CHARTER AGREEMENT" stated that SCNO agreed to charter and United agreed to accept the M/V FT. PIERRE under *demise charter* and further provided:

4(b). The charterer [United] shall have exclusive control over and possession of the vessel. The master (although employed by SCNO) shall be under the orders and direction of the charterer [United] as regards operation, navigation, control and employment of the vessel.

\* \* \* \* \* \*

4(e). It is the expressed intent of the parties to this charter agreement that it be interpreted as a *full demise* of the vessel. All provisions seemingly contrary to this intent are to be considered as matters of convenience or expedience, or as matters of costs or risk allocation between the parties. The charterer [United] is to remain responsible for the navigation and operation of the vessel and direction of the crew and all other matters except as herein otherwise stipulated. (Emphasis added.)

The agreement also provided in paragraph 3 that SCNO would provide certain stipulated insurance coverage "as a matter

---

\* Henry Woods, United States District Judge, Eastern District of Arkansas, sitting by designation.

1. The Honorable John K. Regan, United States District Judge, Eastern District of Missouri.

of convenience" and that its agreement to do so "will in no way alter the intent of the agreement as to possession and control of the vessel." The record reflects no evidence of any disparity in the bargaining power of United vis-a-vis SCNO.

The determination of a demise charter vel non is primarily a factual one and the findings of the district court can not be disturbed unless they are clearly erroneous. *McAllister v. United States,* 348 U.S. 19, 20, 75 S.Ct. 6, 7, 99 L.Ed. 20 (1954); *Gardner v. The Calvert,* 253 F.2d 395, 399 (C.A. 3rd Cir.1958); *Guzman v. Pichirilo, supra,* 369 U.S. at 702, 82 S.Ct. at 1097. We agree with the district court's finding that the use of the words "fully found" in the agreement do not demonstrate any ambiguity in the charter agreement. Robert Labdon negotiated the charter agreement in behalf of United and in his deposition he explained that a "fully found" charter was inconsistent with the creation of a "demise." He offered the following definition of a "fully found" charter:

> A fully found charter, the owner of the vessel that you charter from, he supplies the crew and he supplies the vessel and he takes care of all the maintenance and all the problems. Basically, all your company does is dispatch, in other words, give the orders to the vessel as to where to go and what to do and what to move, what barges to pick up and drop. (Labdon Depo. 6–7.)

However, "it is equally true the fact that the Captain is employed by the owner is not fatal to the creation of a demise charter party, for a vessel can be demised complete with captain if he is subject to the orders of the demisee during the period of the demise. *United States v. Shea, supra* [152 U.S.] at 190 [14 S.Ct. at 522]." *Guzman v. Pichirilo, supra* at 701, 82 S.Ct. at 1097.

At oral argument United placed great emphasis on the insurance provision contained in paragraph 3 as support for a finding of no demise or a finding of ambiguity in the charter agreement. This argument overlooks the express terms of that paragraph which provided that intent as to possession and control of the vessel was not to be affected by construction of the insurance provision. As the district court found, the clear intent of the charter agreement was to create a "demise charter" and to shift liability for the negligence of the M/V FT. PIERRE from SCNO to United.

Having found that the parties intended to create a "demise charter" by their agreement, the district court then looked to their actions for evidence of inconsistency, and further found that "there is no extrinsic evidence of *conduct* by the parties inconsistent with the expressed intent to create a demise." These findings are not clearly erroneous. Rule 52(a) Fed.R.Civ.P.

Neither the pilot nor any other crew member of the M/V FT. PIERRE was given any navigational instructions by either United or SCNO during the term of the charter other than those orders given by United as to identity of the barges to be included in the tow and delivery locations. There was no evidentiary support for the pilot's testimony that SCNO had the right to direct the operation of the vessel, and the district judge's rejection of this testimony was permissible.

The findings incorporated in the trial court's memorandum opinion that a demise charter was created are not clearly erroneous. It follows that the district court correctly held United responsible for the negligence of the M/V FT. PIERRE. The judgment of the district court is therefore affirmed.